1   Kathryn J. Halford (State Bar No.68141)
2   Elizabeth Rosenfeld (State Bar No. 106577)
    Michael Odoca (State Bar No. 260022)
3   WOHLNER KAPLON PHILLIPS
    YOUNG & CUTLER
4   A Professional Corporation
    16501 Ventura Boulevard, Suite 304
5   Encino, California 91436
    Telephone:  (818) 501-8030
6   Fax: (818) 501-5306
    kjhalford@wkpyc.com
7   rosenfeld@wkpyc.com
    modoca@wkpyc.com
8
    Attorneys for Plaintiff
9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                    (Western Division)

13   BOARD OF TRUSTEES OF THE            CASE NO. CV13-0858 JAK (SHx)
     TEAMSTERS MISCELLANEOUS
14   SECURITY TRUST FUND in their
     capacity as fiduciaries for the       COMPLAINT FOR BREACH
15   TEAMSTERS MISCELLANEOUS              OF CONTRACT; VIOLATION
     SECURITY TRUST FUND,                 OF ERISA; AND
16                                        ACCOUNTING
                      Plaintiff,
17                                        [29 U.S.C. §§1132, 1145
     v.                                    29 U.S.C. §185]
18
     FOASBERG LAUNDRY AND
19   CLEANERS, INC., a California
     corporation, and DOES 1 through 10,
20   inclusive,
21                    Defendant.
22

23        Plaintiff alleges as follows:

24                    JURISDICTION

25        1.    Jurisdiction is conferred upon this court under  the Labor-Management

26   Relations Act of 1947, as amended ("LMRA"), §301(a), 29 U.S.C. §185(a), and the

27   Employee Retirement Income Security Act of 1974, as amended ("ERISA"), §502(e)

28   (1), 29 U.S.C. §1132(e)(1).

VENUE

2.      In accordance with ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), venue is appropriate in the Central District of California as the place where the Teamsters Miscellaneous Security Trust Fund ("TMSTF") is administered, and where the contractual obligations alleged herein are to be performed.

PARTIES

3.      The TMSTF is an express trust which was established pursuant to collective bargaining agreements between various employers and local unions affiliated with the International Brotherhood of Teamsters ("IBT"), in industries affecting commerce.  The Joint Council of Teamsters No. 42 Welfare Trust ("JC Trust") was an express trust established and maintained pursuant to collective bargaining agreements between various employers and local unions affiliated with the IBT.  Effective June 1, 2012, the JC Trust merged into the TMSTF and as of the merger effective date the TMSTF has the sole right and power to demand and receive any and all assets of the JC Trust and to institute all proceedings for the collection of contributions.  As of date of the merger the JC Trust ceased to exist.

4.      The JC Trust was created and up to the date of the merger, was maintained pursuant to LMRA §302(c)(5), 29 U.S.C. §186(c)(5) as an "Employee Welfare Benefit Plan" within the meaning and definition of ERISA § 3(1), 29 U.S.C. § 1002(1) and a "multiemployer plan" within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A), and ERISA §515, 29 U.S.C. § 1145, subject to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The TMSTF was created and is maintained pursuant to LMRA §302 (c)(5) of the LMRA, 29 U.S.C. § 186(c)(5) and is an "Employee Welfare Benefit Plan" within the meaning and definition of ERISA § 3(1), 29 U.S.C. § 1002(1).  It is a "multiemployer plan" within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A), and ERISA §515, 29 U.S.C. § 1145, and is subject to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).  The TMSTF is administered within the jurisdiction of this

1   District.

2   5.   Plaintiff, the Board of Trustees of the TMSTF ("Plaintiff" or "Board")

3   is the administrator of the TMSTF, and its members are fiduciaries with respect to the

4   TMSTF within the meaning of ERISA §21(A), 29 U.S.C.§ 1002(21)(A)

5   6.   Plaintiff is informed and believes and thereon alleges that during all

6   times relevant herein defendant, Foasberg Laundry and Cleaners, Inc. ("Defendant"

7   or "Foasberg") was and is a corporation organized and existing under and by virtue

8   of the laws of the State of California with its principal place of business in the City

9   of Long Beach, within the jurisdiction of this district.

10   7.   This complaint is prosecuted pursuant to the LMRA §301(a), 29 U.S.C.

11   §185(a), and pursuant to ERISA §§502 and 515, 29 U.S.C. §§1132 and 1145, to

12   enforce the provisions of ERISA against an employer engaged in an industry

13   affecting commerce.

14   **FIRST CLAIM FOR RELIEF**

15   (Breach of Contract)

16   8. ·   Plaintiff realleges and incorporates herein by reference each and every

17   allegation contained in paragraphs 1 through 7, as if fully set forth herein.

18   9.   At all times relevant herein, Defendant has been bound to a written

19   collective bargaining agreement ("Labor Agreement") with Local 495 of the

20   International Brotherhood of Teamsters ("Union"), whereby the Defendant agreed to

21   make contributions to the TMSTF and the JC Trust on behalf of its employees

22   performing work covered by the Labor Agreement.  On or about June 21, 2011, the

23   Defendant and Union entered into a "Letter of Understanding" extending the term of

24   the Labor Agreement and providing for revocation or cancellation upon 72 hours

25   notice.  A true and correct copy of the "Letter of Understanding" is attached hereto

26   and incorporated herein as Exhibit "1."  On or about May 28, 2013, the Union sent

27   a letter disclaiming interest in the representation of the employees of Foasberg

28   effective "immediately."  Prior to the disclaimer of interest by the Union the Labor

Agreement remained in full force and effect. Accordingly, Foasberg was bound to the terms and conditions of the Labor Agreement up to and including May 28, 2013. A true and correct copy of the Union's disclaimer letter is attached hereto and incorporated herein by this reference as Exhibit "2."

10.   At the time Defendant executed the Labor Agreement, Defendant also executed Trust Acceptances and Contract Data forms for both the JC Trust and for the TMSTF, whereby Defendant became bound to the terms and conditions of the Agreements and Declarations of Trust establishing the JC Trust and the TMSTF (the "Trust Agreements") and agreed to pay contributions at specified rates to the TMSTF and the JC Trust on behalf of employees performing bargaining unit work. A true and correct copy of the Trust Acceptances and Contract Data forms executed by Defendant are attached hereto as Exhibit "3." The Labor Agreement, Letter of Understanding, and Trust Agreement are collectively referred to as "Agreements."

11.   The Agreements require each employer to submit reports and pay contributions to the TMSTF and the JC Trust on behalf of all covered employees on the first (1st) day of the month for work performed during the previous month. Reports and contributions are considered delinquent if not received or postmarked by the twentieth (20th) day of the month following the month in which the work was performed.

12.   At all times mentioned herein, it was and now is impracticable and extremely difficult to fix the amount of actual damage to the TMSTF and JC Trust as a result of nonpayment of contributions. The amount agreed upon in the Trust Agreements, as and for liquidated damages, represented and now represents a reasonable endeavor to ascertain and compensate for the damages caused to the TMSTF and JC Trust by the nonpayment of contributions and/or failure of an employer to timely submit contributions to the respective Trusts. The Trust Agreements set the amount assessed as and for liquidated damages, and not as a penalty, at twenty percent (20%) of the delinquent contributions, or twenty-five

1 | dollars ($25.00), whichever amount is greater.

2 |     13.  The Agreements further provide that, if an employer is delinquent with

3 | submission of reports and/or contributions, an employer must pay interest on the

4 | delinquent contributions at a specified rate, and any attorney fees and costs incurred

5 | by the TMSTF for collection and/or enforcement. In addition, the Agreements

6 | provide that, if a participant or beneficiary is denied benefits due to the employer's

7 | failure to timely submit reports and pay contributions to the TMSTF, the employer

8 | shall be held personally liable to the participant or beneficiary for any and all

9 | resulting loss or damages.

10 |     14.  At all times relevant herein, the Agreements have been in full force and

11 | effect.

12 |     15.  Plaintiff is informed and believes and upon that basis alleges that at all

13 | times relevant herein, including the period of October 2009 to May 2013, Defendant

14 | employed workers covered by the provisions of the Labor Agreement for whom

15 | contributions were required to be paid to the TMSTF and JC Trust.

16 |     16.  Plaintiff is informed and believes and upon that basis alleges that

17 | Defendant failed to report and pay contributions at the rates required by the

18 | Agreements in the total amount of $96,024.00, as follows: for account number

19 | 108-02379-002, contributions in the amount of $91,608.00 owed for the period of

20 | October 2010 through May 2013; for account number 108-02379-001, contributions

21 | in the amount of $2,796.00 owed for the period of October 2009 through September

22 | 2010; and, for account number 125-06678-001, contributions in the amount of

23 | $1,620.00 owed for the period of June 2012 through September 2012.

24 |     17.  Plaintiff is informed and believes and upon that basis alleges that

25 | Defendant failed to timely report and pay contributions during the months of October

26 | 2009 to May 2013, and therefore owes liquidated damages on the unpaid

27 | contributions as provided in and pursuant to the terms and conditions of the

28 | Agreements.

18.    Plaintiff is informed and believes and upon that basis alleges that the amount currently assessed as and for liquidated damages, and not as a penalty, on unpaid contributions for the months of October 2009 to May 2013 is $21,237.60.

19.    Plaintiff is informed and believes and upon that basis alleges that Defendant failed to timely report and pay contributions during the months of October 2009 to May 2013, and in accordance with the terms of the Trust Agreements interest has accrued and continues to accrue on all unpaid contributions from the dates due until paid at the rate of 3.25% per annum, as provided in and pursuant to the terms and conditions of the Agreements.

20.    Plaintiff is informed and believes and upon that basis alleges that Defendant breached its obligation under the Agreements by failing to timely report and pay contributions to the TMSTF and JC Trust.

21.    As a result of Defendant's failure to report and pay contributions, it has been necessary for the TMSTF to engage the law firm of Wohlner Kaplon Phillips Young & Cutler.

22.    As a result of Defendant's breach of the Agreements, Plaintiff has been damaged in an amount equal to the amount of contributions determined to be due, and, in addition to contributions, liquidated damages, and interest, reasonable attorneys' fees and all costs incurred in enforcing the terms of the Agreements.

23.    Plaintiff has complied with all conditions precedent, if any, to be performed under the terms of the Agreements.

## SECOND CLAIM FOR RELIEF

### (Violation of ERISA)

24.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23, as if fully set forth herein.

25.    By failing to accurately report and pay contributions to the TMSTF and the JC Trust in accordance with the Agreements, Defendant has violated section 515 of ERISA, 29 U.S.C. §1145. In accordance with the terms of the Agreements t and

pursuant to ERISA §§502(g)(2) and 515, 29 U.S.C. §§1132(g)(2) and 1145, Plaintiff is entitled to and hereby demands, in addition to the payment of all contributions owed by Defendant, an award of liquidated damages, and interest, reasonable attorneys' fees and all costs incurred in enforcing the terms of the Agreements.

## THIRD CLAIM FOR RELIEF

(Accounting)

26.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25, as if fully set forth herein.

27.   The Agreements require Defendant to promptly file written reports and to fully report and make contributions to the TMSTF and JC Trust for each hour of covered work at the specified rates for all of Defendant's employees performing work covered under the terms of the Agreements.

28.   Plaintiff is informed and believes and upon that basis alleges that Defendant failed to submit monthly employer reports detailing the names of its employee(s) who performed work under the Agreements for the period of October 2010 through May 2013.

29.   By failing to accurately report and pay contributions to the TMSTF and JC Trust in accordance with the Agreements, Defendant has violated ERISA §515, 29 U.S.C. §1145. In accordance with the terms of the Agreements and pursuant to ERISA §§ 502(g)(2)(E) and 515, 29 U.S.C. §§1132(g)(2)(E), Plaintiff demands as other appropriate equitable relief that Defendant be ordered to submit all required employer reports to the TMSTF. Without such relief, Plaintiff has no adequate or speedy remedy at law, as Plaintiff is unable to ascertain the exact amount owed.

/ / /
/ / /
/ / /
/ / /
/ / /

1         **WHEREFORE,** Plaintiff prays for judgment against defendant,

2   FOASBERG LAUNDRY AND CLEANERS, INC., a California corporation, as

3   follows:

4

5   **ON THE FIRST AND SECOND CLAIMS FOR RELIEF**:

6        1.    For payment of contributions in the total sum of $96,024.00 as follows:

7   for account number 108-02379-002, contributions in the amount of $91,608.00 owed

8   for the period of October 2010 through May 2013; for account number

9   108-02379-001, contributions in the amount of $2,796.00 owed for the period of

10  October 2009 through September 2010; and, for account number 125-06678-001,

11  contributions in the amount of $1,620.00 owed for the period of June 2012 through

12  September 2012, and such additional amounts according to proof;

13        2.    For payment of interest calculated at the rate of three and one quarter

14  percent (3.25%) per annum on all unpaid contributions from due dates to date of

15  payment;

16        3.    For payment of liquidated damages on all late reports and/or reports

17  received without payment for the period of October 2009 to May 2013, calculated in

18  the sum of twenty percent (20%) of the delinquent of the unpaid contributions, or

19  twenty-five dollars ($25.00), whichever amount is greater, as damages to the TMSTF

20  and JC Trust and not as a penalty, and such additional amounts according to proof;

21        4.    For attorneys' fees and costs; and

22        5.    For such other legal and equitable relief as the court deems appropriate,

23  and in accordance with section 502(g)(E)of ERISA, 29 U.S.C. §1132(g)(2)(E).

24

25  **ON THE THIRD CLAIM FOR RELIEF:**

26        6.    For an order requiring Defendant to submit all delinquent contribution

27  reports as other equitable and legal relief under 502(g)(2)(E) of ERISA, 29 U.S.C.

28  §1132(g)(2)(E); and

1       7.     For such other legal and equitable relief as the court deems appropriate,

2  and in accordance with section 502(g)(E)of ERISA, 29 U.S.C. §1132(g)(2)(E).

3  **AS TO ALL OF PLAINTIFFS' CLAIMS FOR RELIEF:**

4       8.     For reasonable attorneys' fees;

5       9.     For costs of this action;

6       10.    For such other and further relief as the court deems

7  proper.

8

9  DATED: September 13, 2013          Kathryn J. Halford.

10                               Elizabeth Rosenfeld

11                               Michael Odoca

                              WOHLNER KAPLON PHILLIPS

                              YOUNG & CUTLER

12

13                               By: _____

14                               Kathryn J. Halford

15                               Attorneys for the Board of

                              Trustees of the Teamsters

16                               Miscellaneous Security Trust Fund

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

# TEAMSTERS AUTOMOTIVE, INDUSTRIAL AND ALLIED WORKERS LOCAL UNION NO. 495

R.M. "BOB" LENNOX
*Secretary-Treasurer*

RIGOBERTO "RIGO" TIRADO
*President*



# "Letter of Understanding"

The undersigned parties hereto agree to amend the **TERMINATION OF AGREEMENT**, as set forth below:

1. Both Company and the Union agree to extend the terms and conditions of the current Labor Agreement, (covering June 1, 2008 through June 1, 2011, on a day-to-day basis until such time as a new collective bargaining agreement is renegotiated by the parties.

2. There shall be full retro-activity on all economic terms and conditions providing there is no disruption to the Employer's business during the period of extension.

3. This Agreement may be cancelled and revoked at any time by either party with 72 hours written notice of intent to cancel the Agreement.

In the event, the respective parties fail to reach an agreement, both parties shall be permitted all legal or economic recourse to support their request for revision if the parties fail to agree thereon.

**IN WITNESS WHEREOF**, the parties hereto have set their hands and seal.

FOASBERG LAUNDRY
(DRIVER & OFFICE WORKERS)

By: _Lynn Vaurek_

Title: _CFO_

Date: _6/21/11_

TEAMSTERS AUTOMOTIVE, INDUSTRIAL
AND ALLIED WORKERS LOCAL NO. 495

By: _____

Title: _Business Representative_

Date: _June 9, 2011_

800 S. Barranca Avenue, Suite 320 • Covina, CA 91723-3604  (626) 915-4954 • FAX (626) 915-5495
E-mail: office@teamsters495.org • Website: www.teamsters495.org
*Affiliated with the International Brotherhood of Teamsters*   **EXHIBIT** _/_ **PAGE** _10_

EXHIBIT 2

# TEAMSTERS AUTOMOTIVE, INDUSTRIAL AND ALLIED WORKERS LOCAL UNION NO. 495

R.M. "BOB" LENNOX
*Secretary-Treasurer*

GEORGE A. PARK
*President*



May 28, 2013

Ms. Lynett Vavrek
Chief Financial Officer
**FOASBERG LAUNDRY**
640 E. Wardlow Road
Long Beach, CA 90807

Dear Ms. Vavrek:

Please be advised that Teamsters Automotive, Industrial and Allied Workers Local No. 495, hereby disclaims all interest in representing the employees at Foasberg Laundry, effective immediately.

If you have any questions regarding this disclaimer, do not hesitate to contact my office at (626) 915-4954.

Sincerely,

TEAMSTERS AUTOMOTIVE, INDUSTRIAL
AND ALLIED WORKERS LOCAL NO. 495

George A. Park
President

GAP:re

EXHIBIT 3

Acct. No. 108-02379-001
108-22380-001

# TRUST ACCEPTANCE AND CONTRACT DATA

(Must be completed and forwarded to the Administrative Office for all new participants or Contract Renewals)

Name of Employer **FOASBERG LAUNDRY**

Name of Association_____
(If an association with authority to sign on behalf of employers, attach list of names and addresses of each such employer)

Street Address 640 E. Wardlow Road

Billing Address_____

City Long Beach                State CA        Zip 90807

**INDICATE**

NEW ACCOUNT ..................☐
CHANGE OF RATE............☐
CONTRACT RENEWAL ......☒
CHANGE OF NAME...........☐
INTER-FUND TRANSFER....☐
(FROM_____FUND)

Employer is a Corporation __x__ Partnership _____ Unincorporated Sole Proprietorship _____ Is it your intention to include owner, corporate officers, or other union-exempt personnel under this coverage, YES _____ NO _____
(Separate Affidavit must be completed)

Approximate number of covered employees 12

List other Teamster Locals who are party to this contract: _____,_____,_____,_____

Title of the Agreement Drivers and Office Workers

Does the Agreement contain a Maintenance of Benefits Clause?   Yes __x__   No _____

Does the Agreement require contributions to the Western Conference of Teamsters Pension Trust Fund?   Yes __x__   No _____

The undersigned Employer and Union hereby certify that a current written labor Agreement is in effect between the parties providing for contributions to the TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND PLAN "D"
(Insert Name of Trust Fund)

The undersigned, by their execution of this Agreement and Declaration of Trust, consent to and accept the terms, conditions, and provisions of the Trust as it currently exists or as it may hereafter be amended. This acceptance shall be considered effective and operative upon its delivery to the Employer and Union Trustees and the written acceptance by such Trustees of this instrument. Accordingly, the undersigned agree that the Trustees named in the Trust, their successor Trustees elected pursuant to the provisions of said Trust and Alternate Trustees, if any, selected or elected pursuant to the provisions of said Trust are and shall be his or its representatives and consent to be bound by the acts of said Trustees, successor Trustees and Alternate Trustees, pursuant to the provisions of said Trust.

This acceptance shall terminate and become inoperative as to any and all action taken by the Trustees thereafter, when the signator hereto has no collective bargaining agreement to which he or it is a party providing for payments into the Trust.

If retiree contributions are provided for, the benefits so provided shall be limited to the assets of the fund allocated for retiree benefits. Further, if the employer ceases in obligation to contribute for retiree benefits, the right of retirees who last worked for such employers may likewise terminate forthwith.

**EFFECTIVE DATE OF CONTRIBUTIONS**
(Required by Contract)

June 1, 2008

June 1, 2008

| | |
|---|---|
| Hospital-Medical ............$ | 636  00 |
| Dental ...............................$ | |
| Prescription ...................$ | |
| Vision ...........................$ | 3  00 |
| Retiree ...........................$ | |
| Add'l Life Ins. ................$ | |

Contract Expiration Date: June 1, - 2011

Employer FOASBERG LAUNDRY

By _Lynn Name_ Date 8/18/08
_Lynn Varrek_
(Print Name of Individual signing)

Title CFO        Phone No. 562 426 9345

Union TEAMSTERS LOCAL UNION NO. 495

By _____ Date 8/11/08
George A. Park
(Print Name of Individual signing)

Title Business Rep.    Phone No. 626.915.4954

Acceptance by the Trust of the above named parties is hereby acknowledged and approved this 26th day of September 2008

The Trustees of the _Teamsters Miscellaneous Security_

Dated at _Alhambra (California)_    By _____

**EXHIBIT 3 PAGE 12**

Acct. No. 125-06678-001
125-06678-002

# TRUST ACCEPTANCE AND CONTRACT DATA

(Must be completed and forwarded to the Administrative Office for all new participants or Contract Renewals)

Name of Employer: **FOASBERG LAUNDRY**

Name of Association
(If an association with authority to sign on behalf of employers, attach list of names and addresses of each such employer)

Street Address: 640 E. Wardlow Road

Billing Address

City: Long Beach    State: CA    Zip: 90807

**INDICATE**
NEW ACCOUNT ☐
CHANGE OF RATE ☐
CONTRACT RENEWAL ☒
CHANGE OF NAME ☐
INTER-FUND TRANSFER ☐
(FROM _____ FUND)

Employer is a Corporation __X__ Partnership _____ Unincorporated Sole Proprietorship _____ Is it your intention to include owner, corporate officers, or other union-exempt personnel under this coverage. YES _____ NO _____
(Separate Affidavit must be completed)

Approximate number of covered employees 12

List other Teamster Locals who are party to this contract: _____ $00 _____ UN.

Title of the Agreement Drivers and Office Workers

Does the Agreement contain a Maintenance of Benefits Clause? Yes __X__ No _____

Does the Agreement require contributions to the Western Conference of Teamsters Pension Trust Fund? Yes __X__ No _____

The undersigned Employer and Union hereby certify that a current written Labor Agreement is in effect between the parties providing for contributions to the **JOINT COUNCIL OF TEAMSTERS NO. 42 WELFARE TRUST FUND**
(Insert Name of Trust Fund)

The undersigned, by their execution of this Agreement and Declaration of Trust, consent to and accept the terms, conditions, and provisions of the Trust as it currently exists or as it may hereafter be amended. This acceptance shall be considered effective and operative upon its delivery to the Employer and Union Trustees and the written acceptance by such Trustees of this instrument. Accordingly, the undersigned agree that the Trustees named in the Trust, their successor Trustees elected pursuant to the provisions of said Trust and Alternate Trustees, if any, selected or elected pursuant to the provisions of said Trust are and shall be his or its representatives and consent to be bound by the acts of said Trustees, successor Trustees and Alternate Trustees, pursuant to the provisions of said Trust.

This acceptance shall terminate and become inoperative as to any and all action taken by the Trustees thereafter, when the signator here-to has no collective bargaining agreement to which he or it is a party providing for payments into the Trust.

If retiree contributions are provided for, the benefits so provided shall be limited to the assets of the fund allocated for retiree benefits. Further, if the employer ceases in obligation to contribute for retiree benefits, the right of retirees who last worked for such employers may likewise terminate forthwith.

**EFFECTIVE DATE OF CONTRIBUTIONS**
(Required by Contract)

June 1, 2008

June 1, 2008

Hospital Medical ........... $ _____

Dental ........... $ 50 00

Prescription ........... $ 68 00

Vision ........... $ _____

Retiree ........... $ _____

Add'l Life Ins. ........... $ _____

........... $ _____

Contract Expiration Date: June 1, 2011

Employer FOASBERG LAUNDRY

By _Lynn Varvel_ Date 8/18/08
(Print Name of Individual signing) Lynn Varvel

Title CFO    Phone No. 562-426-2345

Union TEAMSTERS LOCAL UNION NO. 495

By _George A. Park_ Date 8/11/08
(Print Name of Individual signing) George A. Park

Title Business Rep.    Phone No. 626.915.4954

Acceptance by the Trust of the above named parties is hereby acknowledged and approved this _30_ day of _September_ 2008

The Trustees of the _Joint Council of Teamsters No. 42 Welfare Trust Fund_

Dated at _Alhambra, California_ By _____

**EXHIBIT 3 PAGE 13**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ John A. Kronstadt _____ and the assigned Magistrate Judge is _____ Stephen J. Hillman _____ .

The case number on all documents filed with the Court should read as follows:

## 2:13CV6858 JAK SHx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____ September 17, 2013 _____
Date

By  J.Prado _____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

Name & Address:
Kathryn J. Halford (CA State Bar No. 68141)
Sally S. Frontman (CA State Bar No. 227735)
WOHLNER KAPLON PHILLIPS
16501 Ventura Blvd., Suite 304, Encino, CA 91436

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE TEAMSTERS
MISCELLANEOUS SECURITY TRUST FUND
[see Additional Parties Attachment form]

PLAINTIFF(S)

v.

FOASBERG LAUNDRY AND CLEANERS, INC.,
a California corporation, and DOES 1 through 10,
inclusive,

DEFENDANT(S).

CASE NUMBER

**CV13-6858 JAK (SHx)**

**SUMMONS**

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Wohlner Kaplon Phillips Young Cutler_, whose address is _16501 Ventura Blvd., Suite 304, Encino, California 91436_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

SEP 1 7 2013

Dated: _____

Clerk, U.S. District Court

**JULIE PRADO**

By: _____
     Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

| SHORT TITLE: Board of Trustees of the Teamsters v. Foasberg Laundry and Cleaners | CASE NUMBER: |
|---|---|

Attachment to Summons - CV-01A
Additional Parties Attachment Form

Additional Plaintiffs:

in their capacity as fiduciaries for the TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND,

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___2___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501
American LegalNet, Inc. | www.USCourtForms.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS MISCELLANOUS SECURITY TRUST FUND in their capacity as fiduciaries for the TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND, | FOASBERG LAUNDRY AND CLEANERS, INC., a California corporation, and DOES 1 through 10, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Kathryn J. Halford (SBN 68141) Sally S. Frontman (SBN 227735) Wohlner Kaplon Phillips Young & Cutler (818) 501-8030 16501 Ventura Blvd., Ste 304, Encino, CA  91436 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
[29 U.S.C. Sections 1132, 1145 29 U.S.C. Section 185 - Specific Performance and Violation of Erisa

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☑ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV13-6858

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                             ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                             ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                             ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.  VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date September 13, 2013

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |